## PATRICK McGARRELL *v.* ANTHONY MURPHY.

Where one of two tenants in common gave permission to a third person to occupy a part of the premises, and the other co-tenant expelled him, *held*, that the latter was a trespasser, that the possession was joint, and that neither co-tenant could take the exclusive possession.

APPEAL by defendant from a judgment of the Seventh District Court. This was an action brought to recover damages for a wilful trespass. The facts sufficiently appear in the opinion of

the court. Judgment was rendered for the plaintiff for $25 and costs, from which the defendant appealed.

*J. B. Fitzgerald*, for appellant.

Submitted without argument by the respondent.

INGRAHAM, FIRST JUDGE.—The defendant and one Quinn were tenants in common of a house and lot in this city. Quinn gave the plaintiff permission to occupy two rooms, in the house belonging to him and Murphy, for nine days. The plaintiff removed there. Murphy met the plaintiff on the premises, and asked by what authority he was there. He said Quinn gave him permission, and on being asked for Quinn's permission, he did not show it, and the defendant put him out.

The defendant's act of expelling the plaintiff was unauthorized. By Quinn's permission he was on the premises. He was entitled to all the rights which Quinn had, viz., the right to occupy jointly with the defendant the premises in question. One tenant in common has no right to expel the other. The occupancy is joint, and each party has a right to occupy jointly with the other. Neither tenant is bound to abandon the possession, nor to make partition, nor occupy one-half. His possession is not unlawful, if he does not prevent his co-tenant from occupying with him. *Mumford* v. *Brown*, 1 Wend. 52.

The defendant was guilty of a trespass in removing the plaintiff.

Judgment affirmed.