## BURNETT v. WHITESIDES et als.

An injunction ought not to be granted, unless equitable circumstances, beyond the mere allegation of irreparable injury, be shown—as insolvency, impediments to a judgment at law, or to adequate legal relief, or a threatened destruction of the property, or the like.
The entire equity of the bill in this case being denied in the answer, and there being no support of the bill, the injunction was dissolved.

APPEAL from the Tenth District.

The case is stated by the Court.

*Mesick & Swezy*, for Appellant, to the point that the diversion of water from plaintiff's ditch was a nuisance within the power of the Court to enjoin, cited *Bear River and Auburn Water Mining Co.* v. *York Mining Co.* 8 Cal. 327; *Tuolumne Water Co.* v. *Chapman et al.* Id. 392; Willard's Eq. Juris. 392; Story's Eq. Juris. Secs. 925—927; 3 Daniel's Ch. Plead. and Prac. side p. 1859; *Robinson* v. *Bryan*, 1 Bro. Ch. Rep. side p. 588, and Note; 4 Coke, 89; Dyer, 248; 2 John. Ch. Rep. 165, and Cases cited; 3 Paige's Ch. Rep. 577; *Park* v. *Kildam*, 8 Cal. 77; and to the point that the complaint showed sufficiently that the continu-

ance of the diversion, as threatened by the defendants, would produce irreparable injury, and render the plaintiff's ditch property worthless; *Crocker et al.* v. *Simpson et al.* 7 Cal; *Merced Mining Co.* v. *Fremont,* Id. 319. The insolvency of defendants is immaterial. The plaintiff was entitled to the injunction during the litigation. (Practice Act, Sec. 112, Sub. 2; *Ryder* v. *Bentham,* 1 Vesey, Jr. 543; 5 Met. 126.)

*Reardan, Mitchell & Smith,* for Respondent.

1. To authorize the issuance of an injunction, there must be such an injury, as from its nature is not susceptible of being adequately compensated for in damages. (3 Daniel's Ch. Prac. and Plead. 1859; *Dana* v. *Valentine,* 5 Met. 8; *Ingraham* v. *Dunnell,* 5 Id. 118; 2 Story's Eq. Juris. Sec. 925.) 2. Plaintiff's right to the use of the water was undetermined, and an injunction should issue in such a case only when the right to its enjoyment was not disputed. (*Gardner* v. *Trustees of Newburgh,* 2 Johns. Ch. 165; *Van Bergen* v. *Van Bergen,* 2 Johns. Ch. 272; *Middleton* v. *Franklin,* 3 Cal. 238; *Hart* v. *Mayor of Albany,* 3 Paige, 213; *Corporation of New York* v. *Mapes,* 6 Johns. Ch. 46; *Attorney-General* v. *Hunt,* 1 Dev. Eq. 12.) 3. The granting and continuance of an injunction lies in the sound discretion of the Court. (*Roberts* v. *Anderson,* 2 Johns. Ch. 202; *Hinten* v. *Earl of Granville,* Cr. and Ch. 283; *James* v. *Lamley,* 2 Iredell's Eq. 278.) The injunction was properly dissolved because the equities of the bill were denied by the answer. (*Morse* v. *Terrell,* 1 Kelly, 7.)

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This appeal is from an order dissolving an injunction. The injunction was granted to restrain the defendants from diverting the water of a certain stream from the plaintiff's ditch, the plaintiff claiming a prior appropriation and averring irreparable injury. The answer denies the equity of the bill, averring that the ditch of defendant only diverted the water not appropriated by the plaintiff. The fact further appears that the ditch of defendants has been constructed for several years within the knowledge of the plaintiff. The motion was heard on complaint and answer. There is no allegation of the insolvency of defendants,

nor that they will not be able to answer all damages recoverable at law, nor any peculiar grounds shown why a recovery could not be had at law for these damages.

It presents the naked case of a claim of property and for damages made, and this claim denied, and no proof of the claim; and no showing of irreparable damage nor equitable circumstances calling for the interposition of the restraining power of the Court. *Prima facie*, the party in possession of this water is at least as much entitled to the property as a claimant out of possession; and the answer of the defendants as much proof of the defendants' right as the complaint of the plaintiff is evidence of his right. The granting and dissolving of injunctions is very much a matter of discretion, but this discretion must be regulated by sound and just rules. For a Court of Chancery to interpose in such a case as this, might lead to the very hardships and irreparable injury which is the ground of the claim of plaintiff to its interference. It ought not to interpose, unless under very peculiar circumstances, when long delays have intervened since the alleged injury or cause of it existed; nor ought it to interpose unless some equitable circumstances beyond the general allegation of irreparable injury be shown—such as insolvency, or impediments to a judgment at law, or to adequate legal relief—or a threatened destruction of the property or the like. But it is enough for this case to hold that as the entire equity of the bill is denied in the answer, and there is no support of the bill, the injunction should be dissolved. (*Gardner* v. *Perkins*, 9 Cal. 553.)

We understand that to be this case.

Judgment affirmed.