## THE REAL DEL MONTE CONSOLIDATED GOLD AND SILVER MINING COMPANY *v.* THE POND GOLD AND SILVER MINING COMPANY.

WHERE an injunction is granted without notice, upon the filing of a complaint, and an answer is afterwards filed denying all the equities of the complaint, the injunction will be dissolved on motion.

If the plaintiffs permit the defendants to remain in possession of a mining claim several months without interference, working it as their own and expending large sums of money in developing it, a Court of Equity will require a very clear and strong showing to induce it to grant or sustain a preliminary injunction to stop the work.

When the title to the property is in dispute, the question, whether the creditors are solvent and able to respond in damages, forms an important element in passing upon an application for an injunction pending the litigation.

APPEAL from the Sixteenth Judicial District, Mono County.

Real Del Monte Mining Co. *v.* Pond Mining Co.

The complaint was filed August 10th, 1863, and avers that on the ninth day of February, 1863, the plaintiffs were the owners of, in the actual possession, and entitled to the possession of a gold and silver quartz lode, known as the Aurora Mine Ledge, commencing at a point distant fourteen feet in a direction north fifty-six degrees west from the cut in the ledge at the mouth of the shaft known as the old Aurora Shaft, and from said point of commencement extending in a westerly direction eight hundred feet on the ledge, and in an easterly direction eight hundred feet on the ledge; and that defendants on the said day and on divers days from that time until the commencement of the suit, and while plaintiffs were still the owners of and in possession of the ledge, with force and arms sunk pits and shafts upon, and excavated drifts and tunnels into the ledge, and took, removed, and carried away from the ledge large quantities of gold and silver-bearing rock, etc.

An injunction was granted by the County Judge the same day the complaint was filed on plaintiffs' application, without notice to defendants.

August 12th, 1863, the defendants filed their answer, and thereupon moved that the injunction be dissolved. The County Judge refused to dissolve the injunction, and from this order denying the motion to dissolve defendants appeal.

*Kendall & Quint* and *Gough & Allen*, for Appellants.

The injunction should have been dissolved. All the equities of the complaint are denied by the answer.

*C. J. Hillyer*, also, for Appellants.

Upon the pleadings the injunction should have been dissolved. (*Johnson* v. *Wide West Co.*, 22 Cal. —; *Burnett* v. *Whitesides*, 13 Id. 156.)

*Mesick* and *Van Voorhies*, for Respondent.

[No brief on file.]

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an appeal from an order refusing to dissolve an injunction which had been granted upon the complaint, without notice to the defendants. The defendants.filed an answer denying all the material allegations of the complaint, and moved thereon to dissolve the injunction, which was denied. The main question at issue is the ownership of the quartz ledge which the defendants are engaged in working—the plaintiffs claiming that it is a part of the " Aurora Ledge," owned by them ; and the defendants denying that it is part of the " Aurora Ledge," aver that it is a part of the " Pond Lode," owned by them, and that they are engaged in working the same as the rightful owners thereof.

The rule has been settled by this Court, that where a motion is made to dissolve an injunction upon complaint and answer, the injunction will be dissolved if the answer denies all the equities of the complaint, unless the complaint is supported by additional affidavits. ( *Gardiner* v. *Perkins*, 9 Cal. 553 ; *Burnett* v. *White-sides*, 13 Id. 156 ; *Curtis* v. *Sutter*, 15 Id. 263 ; *Johnson* v. *The Wide West Co.*, 22 Id. 479.)

It appears that the defendants have been in possession of the quartz ledge in question for several months, have expended large sums of money in developing and working the same, and were, at the time of the granting of the injunction, and had, for some time previously, been working the mine as their own. In such case it requires a very clear and strong showing to induce a Court of Equity to grant or sustain an injunction to stop the work. There must be an urgent necessity, and, as a general rule, the title and right of the plaintiffs should be shown to be clear, well established and not in dispute. The application should also be made promptly, and not delayed until large expenditures have been made by the defendants. ( *Clavering* v. *Clavering*, 2 Pierre Wm. 388 ; Anonymous, Ambler, 209 ; 18 Vesey, 515 ; *Norway* v. *Rowe*, 19 Id. 144 ; *Field* v. *Beaumont*, 1 Swanston, 203 ; *Hilton* v. *Granville*, 1 Craig & Phillips, 283.)

When the title to the property is in dispute between the parties, the extent of inconvenience and expense to which the defendant would be subjected by the granting of the injunction, as compared with the injury the plaintiff would be likely to suffer if refused,

often forms an important consideration in determining the right to an injunction. (*Hicks* v. *Compton*, 18 Cal. 210; 3 Daniel's Ch. Pr. 1860; Adams' Eq. 357; *Bruce* v. *Delaware & Hudson Canal Co.*, 119 Barb., S. C., 371.) The question whether the defendants are solvent, and able to respond in the damages they may cause by their acts or not, is often an important one in such cases. (*Burnett* v. *Whitesides*, 13 Cal. 156; 2 Story's Eq. Sec. 925; *Waldron* v. *Marsh*, 5 Cal. 119.) The plaintiffs in this case have set up no circumstances of this kind to sustain their application for the injunction.

The injunction is dissolved.