# CHARLESTON.

7  329
34  127
34  368

## McClung v. Livesay.

### February 27, 1874.

1874.
January Term.

1. In a bill, filed to restrain the collection of taxes for school purposes, in a certain township, the plaintiff must aver that he sues,—not only on his own behalf, but, also, on behalf of all others, similarly situated. Such averment is essential to a complete determination of all the rights affected by the suit.

2. The general allegation of irreparable injury is not sufficient, without some equitable circumstances be shown,—as insolvency, impediment to a judgment at law, or to adequate legal relief, or a threatened destruction of the property, or the like.

3. The want of such allegation is sufficient ground for dismissing the bill.

This was an appeal, by the complainants, from a decree of the Greenbrier circuit court, in a suit in chancery therein pending, wherein Samuel McClung, Samuel B. McClintic, S. C. Beard, Andrew Beard, William R. Stuart, John M. Sydenstricker, Samuel Pollock, Thomas L. Feamster, John Stuart, William H. Shields (for S. C. Ludington,) William Snyder, Margaret P. Callison, Austin Handley, Harvey Handley, R. R. Dickson, Mason Mathews, Mathew Arbuckle, John A. Welch, Thomas W. McClung, H. F. Dickson, Elizabeth McClung, Abram Bright, Alex. W. Arbuckle, B. F. Harlow and Caroline Hunter, were complainants, and Allen Livesay, John Yates, Oscar Callison, and James W. Jackson, treasurer of Big Levels township, in said Greenbrier county, were respondents.

42

On the 30th day of January, 1871, the complainants filed their bill in this suit, praying for an injunction, in the usual form, against the collection of certain taxes hereinafter set forth, and alleging that they were tax-payers in said Big Levels township; that on the —— day of ———, in the years 1866, 1867, 1868 and 1869, the said Livesay and Yates, claiming to be the Board of Education of said township, had attempted, in each of those years, to levy —— cents on each hundred dollars worth of property, taxable in said township, to raise a fund, as they alleged, for the support of primary schools in said township; that on the —— day of ———, 1870, the said Livesay, Yates and Callison, claiming and pretending to constitute said Board, attempted to levy another tax of twenty-five cents on each hundred dollars' worth of taxable property in said township, to raise a fund, as they alleged, for the support of primary schools therein, for the year 1870; that in virtue of the said proceedings, relating to said levies, the said Jackson, treasurer, as aforesaid, was proceeding to collect divers sums of money from the several complainants, naming them, and the sums said Jackson was so attempting to collect, from each of them; "that the said Livesay and Yates, and the said Livesay, Yates and Callison were never legally elected the school commissioners of said township, and never qualified by taking the oaths, according to law, and could not, and did not, constitute a legal board of education at the times the said alleged levies were made, and that all their acts as such Board of Education, were illegal and void; that the voters of said township did not assent to said several levies, and that in fact a large majority of said voters were opposed to the same; that the said Jackson was never legally elected such treasurer,—never qualified by taking the oath, and never gave the bond required by law; that if the said levies are collected the complainants will be greatly and irreparably injured, and that the said Jackson, as such treasurer, was about to levy and sell the property of the com-

plainants, for the taxes so levied, and that he had already made such levies." The bill concludes with the usual prayer in such cases.

At the March rules, 1871, the respondent Yates, alone, answered, setting forth, at considerable length the facts relating to the elections for school commissioners, in said township, for the years aforesaid, their qualification, or failure to qualify, the mode and manner in which the levies were made for the years aforesaid, and sustaining his averment by official copies from the proper records, of such elections and levies; but, in the view taken by this Court, it is unnecessary to set forth these facts, at any more length.

The complainants replied, specially, to the answer of Yates, alleging that the same was uncertain, insufficient and untrue, and referring to the record book of the Board of Education of said township, as an exhibit with said replication.

On the 18th day of March, 1871, the cause came on to be heard, in vacation, on the bill, answer, exhibits and motion to dissolve, of which notice had been theretofore given. The judge declined to dissolve the injunction at that time, being of opinion that informalities might exist in the appointment and qualification of some of said officers, and in the manner of laying part of the levies, yet there was not sufficient ground to inhibit the collection of said levies; and it then appearing to the court that the official bond of said Jackson was deficient as to the amount of the penalty, it was ordered, &c., that the said injunction should stand dissolved whenever the said Jackson, as such treasurer, should execute bond in the penalty of three thousand dollars, conditioned according to law, to be approved according to law ; or when ever the said Jackson, should he fail to execute such bond, should file with the late Board of Education of said township, a list of the taxes levied, as aforesaid, with the sheriff's receipt therefor—all of which the said Jackson

was required to do within thirty days from the date of such decree.

Subsequently, an attachment, for failing to comply with said decree, was awarded against the said Jackson, to which he appeared and answered, and he was discharged at his costs.

On the 3d day of October, 1871, the court, on motion of the defendants, dismissed complainants' bill with costs to the defendants, and from this order the complainants have appealed.

The Hon. Joseph M. McWhorter, judge of said circuit court, presided at the hearing below.

*Mathews & Mathews* for the appellants.

*William P. Rucker* for the appellees.

MOORE, JUDGE:

From an order of the circuit court of Greenbrier county, dismissing the bill of the plaintiffs, this appeal has been taken.

The object of the bill was an injunction restraining the collection of taxes; a subject matter not always welcome in the forum of chancery, and admissible only upon the showing of such special circumstances as clearly indicate that there is not an adequate remedy at law. *Non intervention* with the speedy collection of taxes is the general rule adopted by courts of equity, upon the plain principle of public policy. Taxation furnishing the means of supporting the government, in all its departments, and for the maintenance of the institutions of learning and asylums for the helpless, renders necessary a strict adherence to the rule, unless productive of peculiar or irreparable injury, or must lead to a multiplicity of suits. The matters of complaint in taxation generally resolve themselves in *torts*, or simple questions of trespass, having ample remedy at law; and, therefore, when a plaintiff seeks the *extraordinary* power of equity,

by way of injunction, the court will look with critical
eye, not only to the character in which the plaintiff sues,
but also, to the allegations of the bill.

Such strictness is necessary to prevent usurpation of jurisdiction, and the non-observance of it has occasioned the seeming conflict of decisions.

It is a principle of practice well established that, in a case like the one now under our consideration, where all the tax-payers of the township have a common interest in the subject matter, although their individual interests may be several and distinct, the plaintiff must aver that he files his bill in behalf of himself and all others of similar interest; and where some of the tax-payers file such a bill, they must make a similar averment. Upon this rule of practice, judge Davies, in the case of *Wood v. Draper*, 24 Barb. (N. Y.), 187, has collated the leading authorities, showing it to be an imperative rule, and essential to a complete determination of all the rights affected by the suit. I refer to this decision especially, because made in a case famed for the ability with which it had been argued, and also because it reviews the leading authorities. The same principle and rule of practice is laid down in the case of *Bull and Read*, 13 Gratt., 78. The object of the rule is to settle the rights of all persons similarly situated, and thus prevent a multiplicity of suits.

Now, in the case before us, the plaintiffs have filed the bill for themselves alone. The interests and rights of all others similarly situated in the township would not be determined by this suit. Their interests might be, however, injured by it, and all such persons are therefore necessary parties.

For the protection of the defendants against a multiplicity of suits, where the bill shows a *prima facie* case against them, courts have permitted the plaintiffs to amend their bill, in that respect, before the interlocutory injunction was acted upon; and it has been allowed even after motion to dissolve. As this bill is defective in that

respect, and it not appearing to have been amended, the court below, upon the precedents cited in *Wood v. Draper*, properly dismissed it.

The face of the bill, without that averment, presents merely a question of *tort* for which equity ought not to interpose. The general allegation of irreparable injury is not sufficient without some equitable circumstances be shown, such as insolvency or impediment to a judgment at law or to adequate legal relief or a threatened destruction of the property or the like. *Burnett v. White-sides*, 13 Cal. 156.

The decision of the court below should be affirmed with costs and damages.

The other judges concurred.

DECREE AFFIRMED.

NOTE BY THE REPORTER.—At the same term, in a suit by *John Williams' Admr. et als. v. John Arga-brite, Treasurer of Blue Sulphur Township*, Greenbrier county, *et als.*, in this Court, by an appeal, by plaintiffs, from a decree of the circuit court of Greenbrier county, rendered on the 20th day of April, 1871, wherein substantially the same facts were alleged and the same relief sought, this Court affirmed the principles adjudicated and determined in the suit of *McClung v. Livesay, infra.*

The same principles were, also, affirmed in the case of *Ludington v. McMillan,* on appeal from the circuit court of Greenbrier county, at the same term.