[No. 5218.]

## NOAH C. EFFORD ET AL. *v.* THE SOUTH PACIFIC COAST RAILROAD COMPANY.

INJUNCTION.—It is a matter largely in the discretion of the Court whether, on the coming in of an answer, a preliminary injunction previously granted shall be dissolved or modified; and the Supreme Court, on appeal, will not reverse the action of the Court below, except in a case of palpable error or abuse of discretion.

APPEAL from the District Court, Third Judicial District, County of Alameda.

The plaintiffs alleged in their complaint that they were the owners, as lessees for eight years from the 1st day of February, 1870, of a tract of land in Centreville, Alameda County, containing one hundred and sixty acres, being a portion of the tract of land and marsh connected therewith used by the plaintiffs for the manufacture of salt, bounded on the north by a creek, wall, and ditch, and on the south by a wall and ditch, and on the east by a creek, wall, ditch, and upland; that they were and had been, since the lease was given, in the exclusive and peaceable

possession of the land, and had on it extensive beds for the manufacture of salt from sea-water by evaporation. The complaint was filed May 17th, 1876. The complaint further alleged that the defendant was a corporation organized for building a railroad along the coast where the land lay, and was about to grade the land for the railroad by building an embankment across the salt-beds, and that they would thus destroy the plaintiff's salt-works by separating the bed into two parts, and preventing the flow of sea-water from one to the other, and that the defendant also threatened to dig up and destroy the salt-bed and works, and permanently appropriate the land. An injunction was asked. On filing the complaint a preliminary injunction was granted. On the 24th of May, 1876, the defendant answered, denying, on information and belief, that the plaintiffs were in possession of or owned the premises as lessees for eight years, and denying, on information and belief, that the plaintiffs had salt-beds on the land, or were manufacturing salt there, and also denying, on information and belief, that it was necessary, in the manufacture of salt, to have several beds, into which the sea-water flowed in succession. The answer then denied that the defendant was about to enter upon or threatened to enter on any premises or land of the plaintiffs, or that it was about to destroy plaintiff's business. The answer then set up that the premises were the property of the Green Point Dairy and Transportation Company, and that said Company sold to A. E. Davis, in March, 1876, and that the defendant had entered by permission of said Davis, who bought without notice of the plaintiff's alleged lease. There was also a denial that the lease mentioned in the complaint was a lease of the premises described in the complaint.

The defendant moved to dissolve the injunction on the answer, and on affidavits which were filed. The plaintiff filed counter-affidavits. The Court made an order dissolving the injunction in so far as it restrained the defendant from grading its road-bed, and from making the necessary embankments or cuts for the purpose of its road, upon condition, however, that the defendant, in constructing its railroad, provide such culverts as were necessary for a free use of the plaintiff's salt-beds,

ditches, and the water flowing therein, and other property of the plaintiff connected therewith. The plaintiffs appealed from the order.

*Bishop & Fifield,* for the Appellants.

We claim that the plaintiffs were owners of the leasehold interest in the land, and being in possession under their lease, the defendant had no right to take the land for the use of its railroad, except by consent of the plaintiffs, or by the judgment of a competent Court condemning the land to public use, and the payment of compensation. (*San Mateo Water Works* v. *Sharpstein,* 50 Cal. 284; *Sanborn* v. *Belden,* 51 Cal. 266.)

*Stewart & Greathouse,* for the Respondent.

It is incumbent on the appellants to show that there has been an abuse of discretion on the part of the Court in modifying an injunction. (*McGarrell* v. *Murphy,* 1 Hilt. 132; Freeman on Cotenancy, 253.)

By the COURT:

In the view we take of this case, we deem it unnecessary to decide whether the order appealed from dissolves or only modifies the preliminary injunction; and if the latter, whether it is an appealable order. It is a matter largely in the discretion of the District Court, whether, on the coming in of the answer, a preliminary injunction previously granted should be continued in force, dissolved, or modified; and, except in cases of palpable error or an abuse of discretion, the action of that Court in such cases will not be disturbed on appeal. (*Godey* v. *Godey,* 39 Cal. 167; *McCreery* v. *Brown,* 42 Cal. 462; *Rogers* v. *Tennant,* 45 Cal. 186; *Patterson* v. *Supervisors,* 50 Cal. 345.) Tested by this rule, we see nothing in the facts disclosed by the record to justify us in disturbing the order appealed from.

Order affirmed. Remittitur forthwith.