[No. 13301.    In Bank. — September 12, 1890.]

L. M. BIGELOW, APPELLANT, v. CITY OF LOS AN-
GELES ET AL., RESPONDENTS.

INJUNCTION — ERECTION OF VIADUCT AND BRIDGE — TAKING PROPERTY
    WITHOUT COMPENSATION — PARTIAL COMPLETION OF STRUCTURE — RE-
    SPONSIBILITY OF DEFENDANT. — The trial court does not abuse its dis-
    cretion in denying an application for a preliminary injunction to restrain
    a city and bridge company from invading plaintiff's rights by erecting a
    bridge and viaduct across a river within the city limits, where it appears
    that the material allegations of the complaint are denied, and the affi-
    davits are conflicting as to the size, height, and effect of the structure;
    that the plaintiff had stood by until the greater part of the work had
    been completed, and was endeavoring only to secure the amount of dam-
    age occasioned to her property before the work was completed, disclaiming
    any intention of perpetually enjoining the defendant from constructing
    the bridge, and there was no claim that the defendant was unable to
    respond in damages.
ID. — RESTRAINING PUBLIC WORK — REMEDY AT LAW. — That the work
    sought to be enjoined. is of a public nature, affecting the public conve-
    nience, and that there is no doubt of the ability of the defendant to re-
    spond in damages, are important matters to be considered in determining
    the right to an injunction.
ID. — TAKING LAND FOR PUBLIC USE — RIGHT TO ENFORCE COMPENSATION. —
    If compensation has not been had in condemning the land taken for public
    use under the statute for such condemnation, it can be recovered in an
    action; and such right of recovery will defeat an injunction against the
    continuance of a public improvement which has been partially com-
    pleted.

APPEAL from an order of the Superior Court of Los Angeles County denying an application for a preliminary injunction, and vacating a preliminary restraining order.

The facts are stated in the opinion of the court.

*Wells, Guthrie & Lee,* for Appellant.

Owners of private property taken for public use may have an injunction to stay such taking until compensation is made. (*Emporia* v. *Soden,* 25 Kan. 588; 37 Am. Rep. 265; *New Albany* v. *White,* 100 Ind. 206; *Richards* v. *Des Moines V. R. R. Co.,* 18 Iowa, 259; *Penrice* v. *Wallis,* 37 Miss. 172; *Green* v. *Green,* 34 Ill. 320; *Commissioners of Highways* v. *Durham,* 43 Ill. 86; *Champion* v. *Sessions,* 1 Nev. 478; *Sidener* v. *Norristown etc. Co.,* 23 Ind. 623; *Lafayette* v. *Bush,* 19 Ind. 326; *Sower* v. *Philadelphia,* 35 Pa. St. 231; *Ragatz* v. *Dubuque,* 4 Iowa, 343; *Henry* v. *Dubuque etc. R. R. Co.,* 10 Iowa, 540; *Trustees of Iowa College* v. *Davenport,* 7 Iowa, 213; *Danbury etc. R. R. Co.* v. *Norwalk,* 37 Conn. 109; *Story* v. *New York E. R. R. Co.,* 90 N. Y. 122; 43 Am. Rep. 146.) Injunction will lie against a muncipal corporation as well as other corporations for the appropriation of private property for public use without compensation. (*City of Emporia* v. *Soden,* 25 Kan. 588; 37 Am. Rep. 265; *City of New Albany* v. *White,* 100 Ind. 206; *Sower* v. *Philadelphia,* 35 Pa. St. 231; *Ragatz* v. *City of Dubuque,* 4 Iowa, 343; *Danbury etc. R. R. Co.* v. *Norwalk,* 37 Conn. 109; *Morris Canal etc. Co.* v. *Jersey City,* 26 N. J. Eq. 294; Dillon on Municipal Corporations, sec. 378, note 1.)

*C. McFarland, S. C. Hubbell,* and *Chapman & Hendrick,* for Respondents.

Assuming that the complaint states facts sufficient to constitute any cause of action on behalf of the plaintiff, it by no means follows that she would be entitled to an

injunction.   Merely to allege a threatened invasion of a right secured by the constitution is not sufficient to authorize an injunction.   (*City of Logansport* v. *Uhl,* 74 Ind. 531; 50 Am. Rep. 109, and cases cited; *Davis* v. *Covington & M. R. R. Co.,* 2 S. C. 555; *Payne* v. *English,* 79 Cal. 540.)   In exercising their power to issue writs of injunction in cases of works of public improvement, courts proceed with great caution, keeping constantly in view the damages that may result from restraining their operation.   (High on Injunctions, sec. 417.)   The court will not exercise its power in behalf of persons who have been guilty of laches, and particularly is this the case where the work sought to be enjoined is the construction of a road, or highway, or railroad, or other public improvement.   (High on Injunctions, sec. 388; *City of Logansport* v. *Uhl,* 74 Ind. 531; 50 Am. Rep. 109, and notes.)   To entitle the plaintiff to an injunction, it must be shown that the damage will be irremediable, or else that the party sought to be enjoined is insolvent; or some reason must be offered calling for the application of so stringent a remedy; and as defendant had an ample remedy at law, the injunction should have been denied.   (*Lorie* v. *N. Chicago City R'y Co.,* 32 Fed. 270; *Reardon* v. *City and County of San Francisco,* 66 Cal. 492; 56 Am. Rep. 109.)   The courts will not issue an injunction where the nuisance is doubtful.   (*Middleton* v. *Franklin,* 3 Cal. 238.)   The case stated in this complaint is insufficient to show such a public nuisance as would entitle the plaintiff to bring any sort of an action.   The court will not issue a preliminary injunction where the right depends on disputed questions and unsettled rules of law.   (*Delaware etc. R. R. Co.* v. *Central Stock Yard and Transit Co.,* 43 N. J. Eq. 71, 77; *New York and New Jersey Tel. Co.* v. *Inhabitants of East Orange,* 42 N. J. Eq. 490.)   It is an exceedingly doubtful question whether, under the constitutional provision that private property shall not be damaged for public use without compensation, an in-

junction will issue at all to restrain the construction of public works where the only claim is that private property is damaged consequentially by it.  (*Omaha Horse R'y Co.* v. *Cable Tram. Co.*, 32 Fed. Rep. 727; *Payne* v. *English*, 79 Cal. 540; *Lorie* v. *N. Chicago R'y Co.*, 32 Fed. Rep. 270; *Osborne & Co.* v. *Mo. P. R. Co.*, 37 Fed. Rep. 830.)  The granting and continuing of injunctions is within the discretion of the court, and while for an abuse of that discretion the supreme court may reverse, still it will not do so except where there has been a clear abuse of that discretion.  (*Hicks* v. *Michael*, 15 Cal. 107; *Goldstein* v. *Kelly*, 51 Cal. 301; *Gower* v. *Andrew*, 59 Cal. 119; 43 Am. Rep. 242; *White* v. *Nunan*, 60 Cal. 406.)

PATERSON, J. — This is an action to restrain the city of Los Angeles and the California Bridge Company from erecting a bridge and viaduct across the Los Angeles River, on First Street, within the city limits.   The hearing of the application for a preliminary injunction was had upon the pleadings and affidavits.   Thereupon the court denied the application, and vacated the preliminary order which it had made, restraining the defendants from further proceedings pending the hearing of the motion.   The material allegations of the complaint are denied in the answer of the city, and also in the complaint of intervention which the court allowed to be filed on behalf of the Los Angeles Cable Railway Company; and the affidavits used on the hearing are very conflicting as to the size, height, and effect of the structure.

The showings made by all parties evidently left the court in doubt as to the probable effect of the viaduct upon the property of the plaintiff; and as the plaintiff had stood by until the greater part of the work had been completed, and was endeavoring only to secure the amount of damage occasioned to her property before the work was completed, and disclaiming any intention of

perpetually enjoining the defendants from constructing the bridge, the court deemed it best to let the work go on, there being no claim that the defendant is unable to respond in damages. In this conclusion we think the court was right; but whether right or wrong, there was no such abuse of discretion as would warrant us in setting aside its order. " It accords with the theory of our system that the supreme court shall have the benefit of the judgment of the district [now superior] court at the final hearing below, and, except in a clear case, we ought not to anticipate the final judgment, . . . . by our action on appeal from the order granting [or denying] the preliminary injunction." *Patterson* v. *Supervisors*, 50 Cal. 345; *Middleton* v. *Franklin*, 3 Cal. 238; *White* v. *Nunan*, 60 Cal. 406.

The fact that the work sought to be enjoined is one of a public nature, one which affects the public convenience, and that there is no doubt of the ability of the defendant to respond in damages, are important matters to be considered in determining the right to an injunction. (*Real Del Monte Consolidated G. & S. Min. Co.* v. *Pond G. & S. Min. Co.*, 23 Cal. 84; *Logansport* v. *Uhl*, 99 Ind. 531; 50 Am. Rep. 109; *Payne* v. *English*, 79 Cal. 540; *Crawford* v. *Bradford*, 23 Fla. 404; *Omaha Horse R'y Co.* v. *Cable Co.*, 32 Fed. Rep. 727.)

Counsel for appellant seems to fear that unless the city is compelled to make compensation before the work is completed, plaintiff will be left without a remedy for the damages sustained by her, the provisions of the code with respect to eminent domain being the only procedure prescribed for assessing the damages. In *Reardon* v. *San Francisco*, 66 Cal. 506, 56 Am. Rep. 109, the court said: " If compensation has not been had in condemning the land for the street under the statute for such condemnation, it can be recovered in an action." The question as to what damages are recoverable by abutting owners in cases of obstructions in public streets by mu-

nicipal corporations acting in behalf of the state for the better convenience of the public is not necessarily before us on this appeal. The subject, we may say, however, in thus passing over the point, was thoroughly and carefully considered in *Reardon* v. *San Francisco*, 66 Cal. 506; 56 Am. Rep. 109. Other points made by appellant do not require notice.

Order affirmed.

Fox, J., McFARLAND, J., and SHARPSTEIN, J., concurred.

THORNTON, J., concurred in the judgment.

Rehearing denied.