[Civ. No. 895.   Second Appellate District.—October 2, 1911.]

GASPAR O. MARRE, as Administrator With the Will Annexed of the Estate of LUIGI MARRE, Deceased, and GASPAR O. MARRE, Appellants, v. UNION OIL COMPANY OF CALIFORNIA, a Corporation, and A. R. HEISE, Respondents.

GRANT OF RIGHT OF WAY FOR OIL PRODUCTS—TRANSFER OF WATER NOT INCLUDED.—A grant by the owner of the fee to an oil company to lay pipe-lines for the carrying of petroleum oil or its by-products, and telephone and telegraph lines to be used in connection with the operation and maintenance of said pipe-lines, over and along the property of the grantor, does not include any grant of the use of a pipe-line for the conveyance of water.

ID.—ACTION FOR INJUNCTION AGAINST LAYING PIPE-LINES FOR WATER—DENIAL OF TEMPORARY INJUNCTION—DISCRETION.—In an action to enjoin the laying of pipe-lines for the conveyance of water, while it may be admitted if the facts as shown to the court upon an application for a temporary injunction had constituted the whole of the evidence upon a final trial of the action, a sufficient showing would be made to entitle plaintiff to an injunction to prevent water from being conveyed through the pipe-line; yet where there was evidence for the defendant that it was about to construct a pipe-line to be used in part for lawful purposes, it cannot be said that the court abused its discretion in refusing a temporary injunction to restrain the construction of the pipe-line.

ID.—ABSENCE OF SHOWING OF INSOLVENCY.—Where it does not appear that defendant is insolvent or could not respond to a claim for any damages which might be caused to plaintiff by the commission of any of the acts complained of pending trial of the action, nor that any judgment which the court might finally make in favor of the plaintiff would be rendered ineffectual because of the failure of the court to issue a temporary injunction, it cannot be said that the court erred in failing to grant the same.

ID.—SOUND DISCRETION OF TRIAL COURT AS TO PRELIMINARY INJUNCTION—REVIEW UPON APPEAL.—The matter of the issuance of a preliminary injunction is one resting in the sound discretion of the court; and an appellate court will not interfere with the action of the trial judge in such a case, except where a palpable abuse of discretion is shown.

APPEAL from an order of the Superior Court of San Luis Obispo County dissolving a restraining order and refusing a preliminary injunction.  E. P. Unangst, Judge.

17 Cal. App.—14

The facts are stated in the opinion of the court.

S. V. Wright, for Appellants.

Paul M. Gregg, for Respondents.

JAMES, J.—Plaintiffs brought this action for the purpose of securing an injunction to prevent defendants from laying a pipe-line along and across a certain strip of land in the county of San Luis Obispo for use in the conveyance of water. Upon the filing of a verified complaint an order was issued to defendants' requiring them to appear before the court and show cause why an injunction *pendente lite* should not be granted. A temporary restraining order was made to prevent the doing of the acts alleged as being threatened to be done on the part of defendants. The matters came on to be heard, the plaintiffs resting their application upon an amended complaint filed at the time of the hearing on the order to show cause. Defendants resisted the application for a temporary injunction, and filed in evidence two affidavits and two certain deeds; whereupon the court denied said application and vacated the temporary restraining order theretofore made. From this order the plaintiffs have appealed.

It appears without dispute by the amended complaint of plaintiffs, and the affidavits submitted on the part of defendants, that the strip of land along which the pipe-line was threatened to be constructed was included within a certain right of way acquired for railroad purposes in 1883 by the Pacific Coast Railway Company, and over which said company was then operating a line of railroad. The fee title to this land was admittedly in the estate of Luigi Marre, deceased, represented by the plaintiff Gaspar O. Marre as administrator thereof. In January, 1906, plaintiff Gaspar O. Marre, as administrator, after due proceedings had authorizing him so to do, deeded to the defendant corporation certain lands, said deed including within its terms a grant of a right of way to defendant across and along land which included the right of way theretofore granted to the Pacific Coast Railway Company. This latter grant authorized defendant to "lay pipe-lines for the carrying of petroleum oil

and its by-products, and telephone and telegraph lines to be used in connection with the operation and maintenance of said pipe-lines,'' over and along the property just mentioned. The contention of plaintiffs is that they were entitled to a temporary injunction because it was not denied on the part of defendant that the use to which the pipe-line about to be constructed by it was to be put, was to have water conveyed through the same and not petroleum oil or any of its by-products. It seems very clear to us from the recitals in the deed of conveyance by which the right of way for pipe-lines was acquired by defendant, that the uses for which the way was granted did not include the use of a pipe-line for the conveyance of water. However, in one of the affidavits submitted on the part of defendant, the following statement appears: ''That for the purpose of transporting oil and its products and for the purpose of transporting such other fluids as it may require in the proper conduct of its business and have the right to transport by means of pipe-lines, said defendant is now engaged in constructing a four-inch pipe-line from Port San Luis to its said lands at Avila, which said pipe-line is to be constructed of standard wrought iron capable of standing high pressure, and is adapted to and capable of being used for the transportation of any and all fluid substances.'' With this affidavit before it, the trial court then had evidence that a part at least of the uses to which the pipe-line was to be put were those which could properly be claimed as the right of defendant under the terms of the conveyance made to it. It may be said that there was no sufficient denial of the fact asserted by plaintiffs, that among other uses, the defendant proposed to have water conveyed through said pipe-line. The relief asked for in the action included an injunction to restrain the laying of the pipe, as well as the transportation of water therethrough. Upon the evidence before it the court was justified in concluding that there was insufficient ground to entitle plaintiffs to an injunction to prevent the laying of the pipe. While it may be admitted that if the facts as shown to the court had constituted the whole of the evidence considered upon a final trial of the action, a sufficient showing would then be made out to entitle plaintiffs to an injunction to prevent water from being conveyed through the pipe-line constructed in

the manner proposed by defendants; still it cannot be said that in denying the temporary writ the trial court abused the discretion committed to it. It does not appear that defendant is insolvent or could not respond to a claim for any damages which might be caused to plaintiffs by the commission of any of the acts complained of pending trial of the action, nor that any judgment which the court might finally make in favor of the plaintiffs would be rendered ineffectual because of the failure of the court to issue a temporary injunction. It is uniformly held that the matter of the issuance of a preliminary injunction is one resting in the sound discretion of the court, and that an appellate court will not interfere with the action of the trial judge in such a case, except where a palpable abuse of discretion is shown. (*Patterson* v. *Board of Supervisors,* 50 Cal. 344; *Efford* v. *South Pacific C. R. R. Co.,* 52 Cal. 277; *White* v. *Nunan,* 60 Cal. 406; *Bigelow* v. *City of Los Angeles,* 85 Cal. 614, [24 Pac. 778]; *Marks* v. *Weinstock, Lubin & Co.,* 121 Cal. 53, [53 Pac. 362].)

The order is affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 1, 1911, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 1, 1911.